1
2
3
4

Joshua D. Buck, CA Bar No. 258325
Leah L. Jones, CA Bar No. 276448
THIERMAN BUCK LLP
325 W. Liberty Street
Reno, Nevada 89501
Telephone: (775) 284-1500
josh@thiermanbuck.com
leah@thiermanbuck.com

5
6
7
8
9
10
11

Ryan F. Stephan (Pro Hoc Vice Pending)
Andrew C. Ficzko (Pro Hoc Vice Pending)
Lauren A. Warwick, CA State Bar No. 341643
STEPHAN ZOURAS, LLP
222 West Adams Street, Suite 2020
Chicago, Illinois 60606
Telephone: (312) 233-1550
rstephan@stephanzouras.com
aficzko@stephanzouras.com
lwarwick@stephanzouras.com

12

*Attorneys for Plaintiffs, the general public, and all
others similarly situated*

13
14
15

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

16
17
18

NICOLE DORAN-SMITH and SIMONE
BROOKS, individually, and on behalf of
other members of the general public and all
persons similarly situated;

19

Plaintiffs,

20

v.

21
22

EIGHT ELEVEN GROUP, LLC d/b/a
Medasource and DOES 1 through 100,
inclusive,

23

Defendants.

24
25
26
27
28

**CASE NO.:** 2:24-cv-00813

**CLASS, COLLECTIVE, AND
REPRESENTATIVE ACTION
COMPLAINT:**

1) Violation of the Fair Labor Standards Act;

2) Violation of California Labor Code §§ 510
and 1198 (Unpaid Overtime Wages);

3) Violation of California Labor Code, §§ 226.7,
512(a), and 1198 (Meal Period Violations);

4) Violation of California Labor Code §§ 226.7
and 1198 (Failure to Provide Rest Periods);

5) Violation of California Labor Code §§
226(a), 1174(d), and 1198 (Failure to Provide
Accurate Wage Statements);

6) Violation of California Labor Code §§ 201,
202, and 203 (Wages Not Timely Paid);

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7) Violation of the Private Attorney Generals
Act; and

8) Violation of California Business and
Professions Code § 17200 *et seq.*

**JURY TRIAL DEMAND**

Come now Representative Plaintiffs NICOLE DORAN-SMITH and SIMONE BROOKS, on behalf of themselves and all others similarly situated, the general public, and all aggrieved workers (hereinafter "Plaintiffs") and hereby complain and allege against the Defendants EIGHT ELEVEN GROUP, LLC D/B/A MEDASOURCE and DOES 1-100 (hereinafter "Medasource" and/or "Defendants") as follows:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in this complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## I.

### JURISDICTION AND VENUE

1.    This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." The Representative Plaintiffs have signed an opt-in consent form to join this lawsuit. (Group Exhibit A).

2.    This Court has jurisdiction over Representative Plaintiffs' claims pursuant to 28 U.S.C. §1331 because Representative Plaintiffs' claims arise under the FLSA and also pursuant to 28 U.S.C. §1332(a)(1), because the matter in

controversy in this civil action exceeds $75,000.00, exclusive of interest and costs, and the parties are residents of different states.

3.    This Court has supplemental jurisdiction over Representative Plaintiffs' state law claims pursuant to 29 U.S.C. §1367 because the claims derive from a common nucleus of operative facts, i.e. the failure to properly pay all wages due.

4.    Venue is proper in this District pursuant to 28 U.S.C. §1391 because no defendants reside in the state of California and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## II.

## PARTIES

5.    Representative Plaintiff NICOLE DORAN-SMITH is a resident of Rosedale, New York and worked for Defendants as a Credential Trainer (hereinafter referred to as "Trainer") providing assistance to Defendants' clients in using healthcare-related software in or around Newport Beach, California during the applicable statute of limitations period. At all relevant times, Representative Plaintiff NICOLE DORAN-SMITH had been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

6.    Representative Plaintiff SIMONE BROOKS is a resident of Cleveland, Ohio and worked for Defendants as a Trainer providing assistance to Defendants' clients in nursing healthcare-related software in or around Newport Beach, California during the applicable statute of limitations period. At all relevant times,

Representative Plaintiff SIMONE BROOKS had been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

7.     Defendant EIGHT ELEVEN GROUP, LLC, LLC d/b/a Medasource is an Indiana corporation that provides information technology support services in the healthcare and other industries across the country. Medasource's principal place of business is located in Indianapolis, Indiana. Medasource provides its services to customers throughout California, including this District, and nationwide.

8.     Medasource's main function is to assist hospitals and healthcare organizations learn and navigate a new integrated health computer system. Medasource provides staffing services to customers throughout the United States, including California.

9.     Representative Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100, but will seek leave of this Court to amend the Complaint and serve such fictitiously named Defendants once their names and capacities become known. Representative Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 100 are the partners, agents, owners, shareholders, managers, or employees of EIGHT ELEVEN GROUP, LLC at all relevant times.

10.     Representative Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, EIGHT ELEVEN GROUP, LLC, and/or DOES 1 through 100

(collectively "Defendants" or "Medasource"), each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

11.    At all relevant times, Defendants, and each of them, ratified each act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

12.    At all times relevant, Defendants were Representative Plaintiffs' "employer" as defined by the Cal. Code Regs., tit. 8, § 11140, subd. 2(C) and interpreted in *Martinez v. Combs*, 49 Cal. 4th 35, 231 P.3d 259 (2010), *as modified* (June 9, 2010), and were actively engaged in the conduct described herein. Defendants were also Representative Plaintiffs' "employer" as defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(d). Throughout the relevant period, Defendants employed Representative Plaintiffs and similarly-situated workers within the meaning of the FLSA and the California Labor Code.

13.    Defendants' annual gross volume of sales made or business done exceeds $500,000.

**III.**

**FACTS**

14.    Representative Plaintiffs and others similarly-situated are individuals who work or have worked for Defendants as a Trainer, or any other similarly-titled, hourly-paid position during the statutory period. Amongst other things, Trainers shared similar job titles, training, job descriptions, and job requirements, and compensation plans. Importantly, Representative Plaintiffs and other similarly-situated Trainers were all paid an hourly rate of pay.

15.    Medasource, as a leading healthcare information technology firm, provides training and support to medical facilities in connection with the implementation and administration of integrated health computer systems—specifically, new electronic recordkeeping systems. Medasource recruits and employs Trainers, such as Representative Plaintiffs, to perform such training and support services to medical facilities throughout the country.

16.    Defendants provide Representative Plaintiffs and other similarly-situated Trainers with a contract setting out the terms of their work for Defendants.

17.    Defendants determine the schedules for Representative Plaintiffs and other similarly-situated Trainers, approve requests for expense reimbursements and/or time off, and approve the hours worked by Trainers.

18.    Defendants provide Representative Plaintiffs and other similarly-situated Trainers with directives regarding the work to be performed on their project

assignments and the process to be followed at the conclusion of the project assignment, as well as daily updates to the Trainers' schedules.

19.    Representative Plaintiffs and other similarly-situated Trainers are supervised by Defendants' project managers during their time working for Defendants.

20.    Defendants' financial results are significantly driven by the total number of trainings they provide. This number is entirely dependent on the number of Trainers Defendants have providing training and support services to their customers and the respective fees that Defendants charge its customers for these services.

21.    Representative Plaintiffs and other similarly-situated Trainers were required to travel from their respective homes to Newport Beach, California in order to perform their job duties. Representative Plaintiffs and other similarly-situated Trainers were not compensated for this travel time.

22.    Representative Plaintiffs and other similarly-situated Trainers were all compensated on an hourly basis at a rate of or around $60.00 an hour and were paid only straight time for most of the hours they worked, including many hours worked in excess of 8 hours per day and/or 40 hours per week.

23.    Defendants regularly required Representative Plaintiffs and other similarly-situated Trainers to work hours in excess of their scheduled time. Defendants did not compensate these workers for their time spent working in excess

of their scheduled time. Representative Plaintiffs and other similarly-situated Trainers were not paid for all hours worked because all hours worked were not recorded.

24.    Despite the fact that the Representative Plaintiffs and the other similarly-situated Trainers did not meet any test for exemption, Defendants failed to pay them the requisite overtime rate of 1 ½ times or 2 times their regular rate for all hour worked more than 8 hours in a day, more than 12 hours in a day, more than 40 hours per week, 8 hours worked on the seventh consecutive day in a workweek, and more than 8 hours on the seventh consecutive day of work in a workweek. ("Overtime Hours").

25.    Defendants knew or should have known that Representative Plaintiffs and other similarly-situated Trainers were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods. Representative Plaintiffs and other similarly-situated Trainers were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

26.    Defendants knew or should have known that Representative Plaintiffs and other similarly-situated Trainers were entitled to rest periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rates of

pay when they were not provided with a compliant rest period. Plaintiffs and other similarly-situated Trainers were not provided compliant rest periods or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided a compliant rest period.

### Plaintiffs Routinely Worked Overtime Hours Without Lunch or Rest Breaks and Were Not Paid Overtime Premium Compensation

27.    The Representative Plaintiffs and other similarly-situated Trainers routinely worked Overtime Hours but were not paid overtime premium compensation as required by the California Labor Code.

28.    Despite the fact that the Representative Plaintiffs and other similarly-situated Trainers were required, permitted, and/or encouraged to work Overtime Hours, Defendants failed to pay them one and one-half (1½) times their regular rate of pay for all Overtime Hours worked, as required by the FLSA and the California Labor Code.

29.    Rather, Representative Plaintiffs and other similarly-situated Trainers were paid a straight hourly rate for hours that they worked, regardless of whether they worked Overtime Hours.[1] The Representative Plaintiffs and other similarly-situated Trainers were not paid on a salary basis.

---

[1] According to records issued by Medasource, Defendants sometimes paid overtime wages at 1.5 times the flat rate. Sometimes they did not, instead paying a flat rate of $60.00 per hour for all hours worked beyond 40 in one week, per Defendant's own records. Representative Plaintiffs dispute that Defendants accurately accounted for all hours worked.

30.    The Representative Plaintiffs and other similarly-situated Trainers were often required to work hours in excess of eight (8) per day and forty (40) per week and were not compensated with one-and-a-half overtime pay.

31.    Defendants knew, and were aware at all times, of the above-mentioned violations.

32.    The conduct alleged above reduced Defendants' labor and payroll costs.

33.    Representative Plaintiffs and other similarly-situated Trainers were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Representative Plaintiffs and other similarly-situated Trainers in accordance with the requirements of the FLSA and the California Labor Code, Representative Plaintiffs and other similarly-situated Trainers suffered lost wages and other related damages.

**Representative Plaintiffs and Other Similarly-Situated Trainers Are Not Exempt**

34.    The Representative Plaintiffs and other similarly-situated Trainers provide support and training to various healthcare staff across the country in connection with the implementation and administration of integrated health computer systems. Representative Plaintiffs and other similarly-situated Trainers have no specialized training or certification in computer programming, software

documentation and analysis, or testing of computer systems or programs. Representative Plaintiffs and other similarly-situated Trainers were not working as, nor were they similarly skilled as, computer systems analysts, computer programmers, or software engineers.

35. Representative Plaintiffs and other similarly-situated Trainers' primary duties consisted of training and aiding various healthcare staff across the country with the implementation and administration of integrated health computer systems. Representative Plaintiffs and other similarly-situated Trainers had little discretion in the performance of their job and worked within closely-prescribed limits set forth and required by Defendants.

36. Representative Plaintiffs and other similarly-situated Trainers were not paid on a salary basis.

37. Representative Plaintiffs and other similarly-situated Trainers were not primarily engaged in work that was intellectual or creative and that required the exercise of discretion and independent judgment; they are not highly skilled and proficient in the theoretical and practical application of highly skilled, specialized information or computer systems analysis, programming, or software engineering.

38. Representative Plaintiffs and other similarly-situated Trainers' duties did not include (i) application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; (ii) the design, development, documentation, analysis,

creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; or (iii) the documentation, testing, creation, or modification of computer programs related to the design of software or hardware for computer operating systems.

39.     Representative Plaintiffs and other similarly-situated Trainers did not analyze, consult, or determine hardware, software programs or any system functional specifications for Defendants' clients.

40.     Representative Plaintiffs and other similarly-situated Trainers did not consult with Defendants' clients to determine or recommend hardware specifications. Representative Plaintiffs and other similarly-situated Trainers did not design, develop, document, analyze, create, test, or modify a computer system or program.

41.     Throughout the statutory period, Representative Plaintiffs and other similarly-situated Trainers' primary duties were not related to the management of the business operations of Defendants or their customers.

42.     Throughout the statutory period, Representative Plaintiffs and other similarly-situated Trainers' primary duties did not require the use of discretion and independent judgment with respect to matters of significance.

43.     Throughout the statutory period, Representative Plaintiffs and other similarly-situated Trainers' primary duties were not the performance of work requiring advanced knowledge in a field of science or learning.

44.    Throughout the statutory period, Representative Plaintiffs and other similarly-situated Trainers did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

45.    Despite the fact that Representative Plaintiffs and other similarly-situated Trainers did not meet any test for exemption, Defendants failed to pay the Representative Plaintiffs and other similarly-situated Trainers the requisite overtime rate of 1½ times their regular rate for hours worked over 40 per week, and 2 times their regular rate of pay for hours worked over 12 per day.[2] Rather, Defendants paid Plaintiffs their regular straight, hourly rate for time worked over 40 hours per week that they were encouraged, suffered and permitted to perform.

## **Defendants Willfully Violated the FLSA and California Labor Code**

46.    Defendants have no legitimate basis to believe the Representative Plaintiffs and other similarly-situated Trainers were exempt from the overtime requirements of the FLSA or California Labor Code, or the rest and meal break requirements of the California Labor Code. Instead, Defendants either knew or acted with reckless disregard of clearly applicable FLSA and Labor Code provisions in failing to pay Representative Plaintiffs and other similarly-situated Trainers overtime compensation for all Overtime Hours worked as well as compensate them according to the rest and meal break requirements of the Labor Code. Defendants'

---

[2] *See supra* fn. 1.

willful actions and/or willful failure to act, included, but were not necessarily limited to:

    a.  Defendants maintained time and payroll records which reflected that Representative Plaintiffs and other similarly-situated Trainers did, in fact, regularly work Overtime Hours and therefore, Defendants had actual knowledge that the Representative Plaintiffs and other similarly-situated Trainers worked overtime;

    b.  Defendants knew that Representative Plaintiffs and other similarly-situated Trainers were prohibited from recording their own time worked and that Representative Plaintiffs and other similarly-situated Trainers regularly worked hours in excess of time recorded by Defendants;

    c.  Defendants knew that they did not pay Representative Plaintiffs and other similarly-situated Trainers for all time worked, including one and one half (1½) times their regular rate of pay for all Overtime Hours worked;

    d.  Defendants' own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for Trainers, reflect that Defendants were aware of the nature of the work performed by Trainers, and, in particular, that these individuals simply provided basic training and support to Defendants' clients with the

implementation and administration of integrated health computer systems;

e.  Defendants' own documents, including but not necessarily limited to, job offer letters, employment agreements, and training materials for Trainers, reflect that Defendants knew that they were subjected to the wage requirements of the FLSA and the Labor Code;

f.  Defendants were aware that Trainers were not involved with: (i) computer systems analysis, computer programming, or software engineering; (ii) the application of systems analysis techniques and procedures; or (iii) the design, development, analysis, creation, testing, or modification of a computer system or program;

g.  Defendants lacked any good-faith basis to believe that the Trainers fell within any exemption from the overtime requirements of the FLSA and the Labor Code; and

h.  Defendants were aware that they would (and did) benefit financially by failing to pay Representative Plaintiffs and other similarly-situated Trainers for all hours worked, including overtime premium pay for all Overtime Hours worked, the appropriate meal and rest periods compensation, as well as compensation for travel time exceeding their normal commute, thereby reducing labor and payroll costs.

# IV.

## FLSA COLLECTIVE ACTION ALLEGATIONS

47.    Representative Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, and other damages related to Defendants' violation of the FLSA.

48.    Representative Plaintiffs pursue the requested relief on behalf of the following collective class of similarly-situated individuals:

> **All individuals who currently work, or have worked, for the Defendants as a Trainer or any other similarly-titled, hourly-paid position, at any time within the preceding 3-years from the date of filing the complaint.**

49.    The Representative Plaintiffs are members of the Collective they seek to represent because they were employed by Defendants during the relevant period, were routinely suffered or permitted to work more than 40 hours per week, as described above, and were not paid for all time worked, including an overtime premium rate for the time they worked over 40 hours per week.

50.    Specifically, Defendants engaged in common schemes to avoid paying Representative Plaintiffs and other similarly-situated Trainers for all time worked, including overtime pay when they worked in excess of 40 hours per week, even though the Representative Plaintiffs and other similarly-situated Trainers did not satisfy the necessary conditions exempting them from overtime.

51.    Defendants intentionally and improperly failed to pay other required wages to Representative Plaintiffs and other similarly-situated Trainers, including for the time they were required to travel beyond the ordinary home-to-work travel.

52.    This action may be properly maintained as a Collective because:

a.  Representative Plaintiffs and other similarly-situated Trainers were all paid an hourly rate;

b.  Representative Plaintiffs and other similarly-situated Trainers worked in excess of 40 hours per week;

c.  Representative Plaintiffs and other similarly-situated Trainers were expected to undergo similar travel arrangements;

d.  Regardless of their job title or location, Defendants did not pay Representative Plaintiffs and other similarly-situated Trainers for all time worked, including an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

e.  Defendants maintained common timekeeping and payroll systems and policies with respect to Representative Plaintiffs and other similarly-situated Trainers, regardless of their job title or location.

53.    Defendants encouraged, suffered, and permitted the Representative Plaintiffs and other similarly-situated Trainers to work more than forty (40) hours per week without proper compensation, including overtime compensation.

54.    Defendants knew that Representative Plaintiffs and other similarly-situated Trainers performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as

previously described, to deprive the Representative Plaintiffs and other similarly-situated Trainers of wages and overtime compensation.

55.    Defendants' conduct as alleged herein was willful and has caused extensive damage to Representative Plaintiffs and other similarly-situated Trainers.

56.    Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiffs and other similarly-situated Trainers. Representative Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid wages, overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

57.    Representative Plaintiffs estimate that the collective class will include at least one hundred (100) members. The precise number of collective class members should be readily available from Defendants' personnel, scheduling, payroll records, and from input received from the collective class as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail, text message, and e-mail.

58.    This action is properly maintained as a collective action because the Representative Plaintiffs are similarly situated to members of the Collective with respect to their job titles, job duties, and compensation plan, and are all subject to a

common practice, policy, or plan in which Defendants suffered and permitted them to perform work for their benefit in excess of 40 hours in given workweeks without proper compensation, including overtime compensation.

59.    Defendants knew or should have known that the members of the Collective worked in excess of forty (40) hours in given workweeks.

60.    Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

61.    Defendants are liable under the FLSA for failing to properly compensate members of the Collective. Representative Plaintiffs request that the Court authorize notice to the members of the Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for purposes of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

**V.**

## CLASS ACTION ALLEGATIONS

62.    Pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure, a case should be treated as a class action when a court finds: (a) that the predominant issues raised in the case are of a common interest; (b) that the parties are so numerous that it is impracticable to bring them all before this Court; (c) that the proposed Class and Subclass are clearly and easily ascertainable; (d) that the named representatives' claims are typical of the claims of the proposed classes; (e)

that the Class representatives will adequately represent the interests of the classes; and (f) that a class action is superior to other methods of adjudicating the claims alleged herein. Representative Plaintiffs herein allege that each and every one of the foregoing can and will be demonstrated at the time for hearing on Representative Plaintiffs' motion for class certification.

63.    Representative Plaintiffs bring claims for relief on their own and as a class action pursuant to Rule 23(a) and Rule 23(b). The class is defined as:

> **All individuals who currently work, or have worked, for the Defendants as a Trainer or any other similarly-titled, hourly-paid position, in the state of California at any time within the preceding 4-years from the date of filing the complaint.**

64.    Representative Plaintiffs further seek certification of the following Subclasses: (a) **Wage Statement Subclass**: All members of the Class who were employed at any time within the preceding 1-year from the date of filing the complaint; and (b) **Waiting Time Penalty Subclass**: All members of the Class who are former employees and who were employed at any time within the preceding 3-years from the date of filing the complaint.[3]

65.    Members of the Class and Subclasses will hereinafter be referred to as "Class Members."

---

[3] The Itemized Wage Statement and Waiting Time Penalty Subclasses are comprised of the same persons as the Class but are limited in time (a 3-year statute of limitations for Waiting Time Penalty claims and a 1-year statute of limitations for an Itemized Wage Statement claim) and employee classification (Waiting Time Penalty claims are only available to former employees).

66.    Representative Plaintiffs reserve the right to redefine the Class and Subclasses and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

67.    **Numerosity:**  Representative Plaintiffs are informed and believe and based on such information and belief, allege that the potential membership in the Class and the subclasses is so numerous that joinder of all members is impractical. While the exact number of members in each of the classes is presently unknown to Representative Plaintiffs, they estimate membership in the Class to exceed 100. The exact number and specific identities of the members of the Class and the subclasses, may be readily ascertained through inspection of Defendants' business records. Moreover, the disposition of Class members' claims by way of a class action will provide substantial benefits to the parties and the Court.

68.    **Commonality:**  Representative Plaintiffs are informed and believe and based on such information and belief, allege that numerous questions of law and/or fact are common to all members of the class, including, without limitation:

      a.  Whether Representative Plaintiffs and the Class members were all paid by the hour;

      b.  Whether Representative Plaintiffs and the Class members, by definition, were exempt from overtime;

      c.  Whether Representative Plaintiffs and the Class members, by definition, all worked Overtime Hours;

d.  Whether Defendants maintained common timekeeping and payroll systems and policies with respect to Representative Plaintiffs and the Class members, regardless of their job title or location;

e.  Whether Defendants failed to pay Representative Plaintiffs and the Class members an overtime premium for Overtime Hours worked;

f.  Whether Defendants failed to provide Representative Plaintiffs and Class members with meal periods;

g.  Whether Defendants failed to provide Representative Plaintiffs and Class members with rest periods;

h.  Whether Defendants complied with the wage reporting requirements of Labor Code § 226 (a)(9);

i.  Whether Defendants failed to timely pay Representative Plaintiffs and Class members the wages due them during their employment;

j.  Whether Defendants failed to timely pay wages due to Representative Plaintiffs and Class members upon their discharge;

k.  Whether Defendants' failure to pay all wages due in accordance with the California Labor Code was willful or reckless;

l.  Whether Defendants failed to timely pay all wages, including overtime wages and meal and rest period premiums, to Representative Plaintiffs and Class members during their employment;

m. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, et seq.;

n. Whether Defendants failed to pay Representative Plaintiffs and Class members all compensation rightfully owed; and

o. The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of law.

69.     **Typicality:** Representative Plaintiffs' claims are typical of those of the Class members, because Representative Plaintiffs suffered the violations set forth in this Complaint.

70.     Upon Information and belief, there are no other Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such Class member should become known, he or she can opt out of this action pursuant to Rule 23.

71.     **Adequacy:** Representative Plaintiffs will adequately protect the interests of Class members. Representative Plaintiffs have no interests that are averse to or in conflict with Class members and they are committed to the vigorous prosecution of this lawsuit. To that end, Representative Plaintiffs have retained

counsel who are competent and experienced in handling class actions on behalf of employees.

72.    **Predominance/Superiority:** The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendants' alleged underlying activities and impact of their policies and practices affected Class members in the same manner: they were subjected to a policy of suffering overtime work without overtime pay. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the amount suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no inordinate difficulty in the management of this case as a class action.  The Class is geographically disbursed throughout California but Defendants' policies and decisions affecting the Class all emanated from its central offices. Representative Plaintiffs are informed and believe and based on such information and belief allege that this action is properly brought as a class action, not only because the prerequisites of Rule 23 are satisfied (as outlined above), but also because of the following:

a. The prosecution of separate actions by or against individual members of the Class would create risk of inconsistent or varying adjudications

with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class;

b. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

c. Defendants have acted or refused to act on grounds generally applicable to all members of the Class, making declaratory relief appropriate with respect to all of the Class;

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and,

e. Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

**VI.**

**PAGA ENFORCEMENT ACTION ALLEGATIONS**

73.  At all times set forth herein, PAGA was applicable to Representative Plaintiffs' employment by Defendants as the employer.

74.  At all times set forth herein, PAGA states that any provision of law under the California labor code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California labor code may, as an

alternative, be recovered through a civil action brought by an aggrieved employee on behalf of him or herself and other current or former employees pursuant to procedures outlined in Labor Code § 2699.3.

75.    Pursuant to PAGA, a civil action under PAGA may be brought by any "aggrieved employee," who is a person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

76.    Defendants, jointly and severally, employed Representative Plaintiffs and other employees and committed the alleged violations against Representative Plaintiffs and said employees in connection with their employment.    Thus, Representative Plaintiffs and Class Members are "aggrieved employees" as that term is defined in Labor Code section 2699(c).

77.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Representative Plaintiffs, may pursue a civil action arising under PAGA after the following requirements have been met:

    a.    The aggrieved employee shall give written notice electronically to the LWDA with a copy to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (60) calendar

days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

78.    Representative Plaintiffs have provided written notice as required by law to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.  A true and correct copy of Representative Plaintiffs' PAGA letter is attached hereto as Exhibit B.

79.    Representative Plaintiffs therefore bring this action as a PAGA Representative action on behalf of the following aggrieved employees: All members of the Class who were employed at any time from January 26, 2020 through the date of entry of judgment.

## VII.

## **FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages under the FLSA for All Overtime Hours Worked**

**(On Behalf of Representative Plaintiffs and the FLSA Collective Class Against Defendants)**

80.    Representative Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

81.    Defendants operate as "enterprises" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. §203(s)(1)(A).

82.    Representative Plaintiffs and the Class members are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

83.    FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1 ½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

84.    Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Representative Plaintiffs and the Class members to work Overtime Hours per week without paying them overtime wages for these hours.

85.    Throughout the relevant period, Representative Plaintiffs and the Class members worked in excess of 40 hours per week but were not paid an overtime premium of 1 ½ times their regular hourly rate for those additional hours.

86.    The foregoing actions of Defendants violated the FLSA.

87.    Defendants' actions were willful and not in good faith.

88.    Representative Plaintiffs and the Class members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have

been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

89.    Defendants are liable to the Representative Plaintiffs and the Class members for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

90.    Representative Plaintiffs and the Class members are also entitled to injunctive relief to prevent Defendants from continuing their violation of the FLSA and other appropriate class-wide injunctive relief.

## VIII.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Failure to Pay Overtime Wages for All Overtime Hours Worked

### (On Behalf of Representative Plaintiffs and the California Class Against Defendants)

91.    Representative Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

92.    Labor Code §§ 510 and 1198, and Title 8, California Code of Regulations § 11010(3)(A) ("Wage Order") mandate that California employers pay overtime compensation at one and one-half times the regular rate of pay to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week and "any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any

work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." Section 3(A)(1) of the applicable Wage Order states in relevant part: "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

93.     Labor Code § 1198 states that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

94.     During the relevant time period, Defendants had, and continue to have, a company-wide policy of failing to implement any policies to authorize and permit employees to take compliant meal periods and, instead, engaged in a practice of

discouraging and impeding employees from taking meal periods by understaffing their facilities.

95.    Additionally, Defendants, on a company-wide basis, failed to schedule uninterrupted meal periods even though they are aware that employees are entitled to such meal periods. As a result of this company-wide understaffing of its facilities and failure to schedule uninterrupted meal periods, Representative Plaintiffs and Class members were not always permitted and authorized to take uninterrupted 30-minute meal periods during shifts to which they were entitled to receive a meal period. For example, Representative Plaintiffs were regularly required to continue their job functions, such as answering questions for clients, throughout the duration of any meal period.

96.    Because Defendants failed to compensate Representative Plaintiffs and Class members at the correct overtime rate for all overtime hours worked, as set forth above, Defendants failed to pay Representative Plaintiffs and Class members overtime compensation when due.

97.    Wherefore, Representative Plaintiffs demand for themselves and for Class members that Defendants pay Representative Plaintiffs and Class members overtime pay at the applicable legal rate for all overtime hours worked together with attorneys' fees, costs, and interest as provided by law.  Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200,

Representative Plaintiffs and Class members are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

98.    Defendant is also subject to civil penalties and restitution of wages payable to Plaintiff and all Class members pursuant to Labor Code § 558 as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

**IX.**

**<u>THIRD CAUSE OF ACTION</u>**

**Violation of California Labor Code, §§ 226.7, 512(a), and 1198—Meal Period Violations**

**(On Behalf of Representative Plaintiffs and the Wage Statement Subclass Against Defendants)**

99.    Representative Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

100.    At all relevant times herein set forth, California Labor Code Section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours.

101.    At all relevant times herein set forth, California Labor Code sections 226.7 and 512(a), and 1198 provide that no employer shall require an employee to work during any meal period.

102.    At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), 1198 and the applicable Wage Order also require employers to provide a second meal break of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

103.    At all relevant times, as stated above, Defendants had, and continue to have, a company-wide policy and/or practice of understaffing their locations while

simultaneously assigning demanding workloads, which had the combined effect of preventing Representative Plaintiffs and Class members from taking all timely, uninterrupted meal periods to which they were entitled.

104.  As a result of Defendants' policies and/or practices, Representative Plaintiffs and Class members had to work through some or all of their meal periods, have their meal periods interrupted to return to work, and/or wait extended periods of time before taking meal periods.

105.  Defendants did not provide Representative Plaintiffs and Class members with second 30- minute meal periods on days that they worked in excess of ten (10) hours in one day. Representative Plaintiffs and Class members worked 10 or more hour shifts and, at times, up to 12 or more hours in a shift without being permitted or authorized to take a second 30-minute meal period.

106.  Defendants' conduct violates the applicable Wage Order and California Labor Code sections 226.7, 512(a), and 1198. Representative Plaintiffs and Class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

## X.

## FOURTH CAUSE OF ACTION

**Violation of California Labor Code §§ 226.7 and 1198—Rest Break Violations**

**(On Behalf of Representative Plaintiffs and the Wage Statement Subclass Against Defendants)**

107.   Representative Plaintiffs reallege and incorporate by reference all the paragraphs above in this Complaint as though fully set forth herein.

108.   At all relevant times, the applicable Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

109.   At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by the applicable California Wage Order. To comply with its obligation to provide rest periods under California Labor Code section 226.7 and the applicable Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties — including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." Pursuant to the applicable Wage Order and California Labor Code section 226.7(b), Representative Plaintiffs and Class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized or permitted.

110.    Representative Plaintiffs and Class members worked shifts in excess of three and one-half (3 ½) hours, in excess of six (6) hours, and/or in excess or ten (10) hours without receiving all uninterrupted 10-minute rest periods to which they were entitled.

111.    Defendants' conduct violates the applicable Wage Order and California Labor Code sections 226.7 and 1198. Representative Plaintiffs and Class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized or permitted.

## XI.

### FIFTH CAUSE OF ACTION

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Failure to Provide Accurate Wage Statements**

**(On Behalf of Representative Plaintiffs and the Wage Statement Subclass Against Defendants)**

112.    Representative Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

113.    At all relevant times, Defendants have knowingly and intentionally provided Representative Plaintiffs and Class members with incomplete and inaccurate wage statements. For example, Defendants issued wage statements to Representative Plaintiffs and Class members that fail to correctly list: gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect

during the pay period, including overtime rates of pay; and the corresponding number of hours worked at each hourly rate. Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

114. Because Defendants deducted time worked from Representative Plaintiffs' and Class members' wage statements and employment records for meal periods they did not actually receive, Defendants unlawfully deducted wages earned and meal period premiums that should have been paid. Thus, Defendants did not furnish wage statements to Representative Plaintiffs and Class members containing the correct amount of gross wages earned (Labor Code § 226(a)(1)), accurate totals of the hours worked (Labor Code § 226(a)(2)), correct amount of net wages earned (Labor Code § 226(a)(5)), or accurate number of hours worked at each hourly rate (Labor Code § 226(a)(9).

115. Such failure caused injury to Representative Plaintiffs and Class members by, among other things, impeding them from knowing the amount of wages to which they are and were legally entitled.

116. Representative Plaintiffs' good faith estimate of the number of pay periods in which Defendants failed to provide accurate itemized wage statements to Representative Plaintiffs and Class members is each and every pay period during the Class Period.

117. Representative Plaintiffs and the Class members are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code §§ 226(a)

and further seek the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

118.    Defendants are also subject to civil penalties for Labor Code §§ 226(a) violations "in the amount of two hundred and fifty dollars ($250) per employee per violation in an initial citation and one thousand ($1,000) per employee for each violation in a subsequent citation . . . ." as provided by Labor Code §§ 226.3. These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, *et. seq.*

119.    Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code Section 17200, Representative Plaintiffs further demand the Defendants be enjoined from continuing to provide inaccurate pay statements that fail to include the amount of hours worked by each employee, the hourly rate of pay, and the amount of all overtime hours worked at the corresponding hourly rate.

## XII.

## <u>SIXTH CAUSE OF ACTION</u>

**Violation of California Labor Code §§ 201, 202, and 203—Failure to Timely Pay All Wages Due and Owing**

CLASS AND REPRESENTATIVE ACTION COMPLAINT

**(On Behalf of Representative Plaintiffs and the Waiting Time Penalties Subclass Against Defendants)**

120.    Representative Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

121.    Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

122.    Class members who ceased employment with Defendants are entitled to unpaid compensation for unpaid overtime and other wages, as alleged above, but to date have not received such compensation. Defendants' failure to pay such wages and compensation, as alleged above, was knowing and "willful" within the meaning of Labor Code § 203.

123.    As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Class members whose employment ended within the last three years from the filing of this Complaint are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**XIII.**

**SEVENTH CAUSE OF ACTION**

**Violation California Private Attorney General Act**

**(On Behalf of Representative Plaintiffs and all Aggrieved Employees Against Defendants)**

124.    Representative Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

125.    Labor Code § 2699(a) states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

126.    Representative Plaintiffs and Class members are "aggrieved employees" as that term is defined in the California Labor Code Private Attorney General Act of 2004, because they are current or former employees of the alleged violator and against whom one or more of the alleged violations was committed.

127.    As outlined above, Representative Plaintiffs have met all the notice requirements set forth in Labor Code § 2699.3 necessary to commence a civil action.

128.    Representative Plaintiffs bring this action on behalf of themselves and all aggrieved employees who were subject to Defendants' failure to pay Representative Plaintiffs and other aggrieved employees for all hours they worked at the applicable overtime wage rate; Defendants' failure to provide accurate wage

statements; and Defendants' failure to pay Representative Plaintiffs and other aggrieved employees who are former employees all their wages due and owing upon termination.

129.   Representative Plaintiffs, on behalf of themselves and in a representative capacity on behalf of all members of the PAGA aggrieved employee Class, demand the maximum civil penalty specified in Labor Code § 2699 in the amount of one hundred dollars ($100) for Representative Plaintiffs and each aggrieved member of the Class per period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation for violations of Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, and 1198.

130.   These penalties are recoverable in addition to any other civil penalty separately recoverable by law.

## XIV.

## EIGHTH CAUSE OF ACTION

**Violation of California Business and Professions Code § 17200 *et seq*.**

**(On Behalf of Representative Plaintiffs and the California Class Against Defendants)**

131.   Representative Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

132.   By the conduct described throughout this Complaint, Defendants have violated the provisions of the California Labor Code as specified and have engaged in unlawful, deceptive, and unfair business practices prohibited by California

Business & Professions Code § 17200, *et seq*. Defendants' use of such practices resulted in greatly decreased labor costs and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

133.   The unlawful and unfair business practices complained of herein are ongoing and present a threat and likelihood of continuing against Defendants' current employees as well as other members of the general public. Representative Plaintiffs and Class members are therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage and to avoid a multiplicity of lawsuits. Accordingly, Representative Plaintiffs and the Class members request a preliminary and permanent injunction prohibiting Defendants from the unfair practices complained of herein.

134.   Defendants generated income as a direct result of the above-mentioned unlawful and unfair business practices. Representative Plaintiffs and the Class members are therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair and unlawful practices complained of herein.

135. As a result, Representative Plaintiffs and Class members seek restitution of their unpaid wages, unpaid overtime, meal and rest break pay, itemized wage statement penalties, and waiting time penalties, in addition to interest, attorneys' fees, and costs, as necessary and according to proof. Representative

Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## JURY DEMAND

Representative Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore Representative Plaintiffs, individually and on behalf of all Class members and all others similarly situated, pray for relief as follows relating to their collective, class and representative action allegations:

1. Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all Trainers or any other similarly-titled, hourly-paid position who have worked for the Defendants during the relevant period of time;

2. Authorize Representative Plaintiffs' counsel to issue notice via U.S. mail and e-mail at the earliest possible time to all Trainers or any other similarly-titled, hourly-paid position who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

3. For an Order certifying this action as a collective action and class action on behalf of the proposed Classes;

4. For an Order appointing Plaintiffs as the Representatives of the Class and their counsel as Class Counsel;

5. For damages according to proof for overtime compensation for all overtime hours worked under the FLSA and California law;

6.    For one hour of pay at the regular rate or minimum rate pay, whichever
is higher, for every missed and/or inadequate meal period;

7.    For liquidated damages;

8.    For waiting time penalties;

9.    For civil penalties;

10.    For PAGA penalties;

11.    For interest as provided by law at the maximum legal rate;

12.    For restitution for all unlawfully retained monies by Defendants;

13.    For an injunction against future violations of the FLSA and California
Labor Code;

14.    For reasonable attorneys' fees authorized by statute;

15.    For costs of suit incurred herein;

16.    For pre-judgment and post-judgment interest, as provided by law, and

17.    For such other and further relief as the Court may deem just and proper.

DATED: January 30, 2024                          THIERMAN BUCK LLP

                                                 /s/ *Joshua D. Buck*
                                                 Joshua D. Buck
                                                 Leah L. Jones


                                                 STEPHAN ZOURAS, LLP


                                                 /s/ *Lauren A. Warwick*
                                                 Ryan F. Stephan
                                                 Andrew C. Ficzko

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lauren A. Warwick

*Attorneys for Plaintiffs*